# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **MANNY L. NOTTINGHAM** | **CIVIL ACTION** |
| **VERSUS** | **NO: 07-4211** |
| **MURPHY OIL USA, INC., ET. AL** | **SECTION: "S" (4)** |

## ORDER

Before the Court is a **LR 33.1E Motion for Leave to Serve Additional Interrogatories (R. Doc. 154)** filed by the Plaintiff, Manny L. Nottingham ("Nottingham"), seeking to serve more than 25 interrogatories on Defendant, Alexander/Ryan Marine & Safety Co ("Alexander/Ryan"). Alexander/ Ryan opposes the motion. (R. Doc. 155.) The motion was heard on the briefs.

## I. Background

Nottingham alleges that he was injured by a defective lifeboat manufactured by Alexander/Ryan. Since filing the lawsuit, Plaintiff has served multiple sets of discovery upon Alexander/Ryan. At issue in this matter is Nottingham's Fourth Set of Interrogatories, which he seeks permission to serve on the defendant Alexander. Nottingham alleges that the claim against Alexander/Ryan involves products liability, as well as after-sale service and maintenance issues which cannot be properly explored within the twenty-five (25) interrogatory limitation. Nottingham contends that he has attempted to comply with the law by filing several sets of interrogatories,

generally keeping within the twenty-five (25) interrogatory limitation, in an effort to narrow the issues and limit the cost of taking multiple, unnecessary discovery depositions. Nottingham suggests that because Alexander/Ryan noted objections to only nine (9) of the twenty-six (26) Interrogatories at issue, the Court should question why Alexander/Ryan chose not to respond to the seventeen (17) Interrogatories to which it had no specific objections.

In Response, Alexander/Ryan contends that the proposed discovery is presumptively excessive because it exceeds the amount allowed by law. Alexander/Ryan respectfully submits that Nottingham has not demonstrated good cause, as required by the local rules. Furthermore, Alexander/Ryan claims that Nottingham attempts to shift this burden entirely upon Alexander/Ryan when it is Nottingham's burden to show why he should be allowed to propound Interrogatories in excess of the 25 allowed by the Rules.

## II.     Standard of Review

Unless otherwise stipulated or ordered by the court, a party may serve no more than twenty five (25) written interrogatories, **including discrete subparts**, upon another party. Fed.R.Civ.P. 33(a)(1). The purpose of the rule is not to prevent discovery, but to prevent the excessive use of a particular discovery device. *Estate of Manship v. United States*, 232 F.R.D. 552, 554 n.1 (M.D. La. 2005).

Although the Rules do not define "discrete subparts," the Advisory Committee has issued commentary intended to provide guidance, writing:

> Each party is allowed 25 interrogatories upon any other party, but must secure leave of court (or stipulation from the opposing party) to serve a larger number. Parties cannot evade this presumptive limitation through the device of joining as 'subparts' questions that seek information about discrete separate subjects. However, a question asking about communications of a particular type should be treated as a single interrogatory even though it requests that the time, place, persons present, and

contents be stated.

*Estate of Manship*, 232 F.R.D. at 555, (citing Advisory Committee's Notes to Fed.R.Civ.P. 33(a)).

To determine whether or not discovery should be counted as a subpart or a separate interrogatory, the court must determine if purported subparts are "logically or factually subsumed within and necessarily related to the primary [interrogatory in] question." *Estate of Manship*, 232 F.R.D. at 555 (quoting *Dang v. Cross*, No. CV 00 13001 GAF(RZX), 2002 WL 432197 (C.D. Cal. Mar. 18, 2002); *Kendall v. GES Exposition Servs., Inc.*, 174 F.R.D. 684, 685 (D. Nev. 1997)). *Inc.*, 174 F.R.D. 684 (D.Nev.1997).

In other words, "the Court should decide whether the first question is primary and subsequent questions are secondary to the primary question; or whether the subsequent question could stand alone and is independent of the first question." *Id.* at 554-55 (citing *Kendall*, 174 F.R.D. at 685). "If the first question can be answered fully and completely without answering the second question, then the second question is totally independent of the first and not 'factually subsumed within and necessarily related to the primary question.'" *Krawczyk v. City of Dallas*, No. Civ.A. 3:03-CV-0584D, 2004 WL 614842, at *2 (N.D. Tex. Feb. 27, 2004) (quoting *Kendall*, 174 F.R.D. at 686).

### III. <u>Analysis</u>

In reviewing the proposed Interrogatories, the court finds that they are excessive and further lack appropriate focus as they overlap with previously propounded written discovery. Although plaintiff contends the *Fourth Set* is not overly burdensome and may eliminate the need to take additional depositions, the Court finds that the *Fourth Set of Interrogatories* is burdensome and exceeds the number permitted under law. Moreover, Nottingham fails to set forth good cause for several interrogatories from previous sets.

3

For example, The *Fourth Set*'s Interrogatories Nos. 1 and 2, which address inspections of the subject lifeboat, substantially overlap with and duplicates the content of the *Third Set*'s Interrogatories Nos. 17, 18, 19, and 20. The *Fourth Set*'s Interrogatory No. 3, which addresses alterations and modifications to the subject watercraft, substantially overlaps with and duplicates the content of the *Third Set*'s Interrogatory No. 6. The *Fourth Set*'s Interrogatory No. 4, which addresses whether or not the lifeboat was being used properly at the time of the alleged incident, overlaps with and duplicates, in part, the content of the *First Set of Requests for Admissions'* Request for Admission No. 6. The *Fourth Set*'s Interrogatory No. 7, which addresses variations in the product during its marketing lifetime, substantially overlaps with and duplicates the content of the *Third Set*'s Interrogatory No. 7.

The *Fourth Set*'s Interrogatory No. 8, which addresses design changes, substantially overlaps with and duplicates the content of the *Third Set*'s Interrogatory No. 15. The *Fourth Set*'s Interrogatory No. 9, which addresses products recalls, substantially overlaps with and duplicates the content of the *Third Set*'s Interrogatory No. 16. The *Fourth Set*'s Interrogatory No. 10, addressing testing, substantially overlaps with and duplicates the content of the *Third Set*'s Interrogatory No. 12.

The *Fourth Set*'s Interrogatory No. 15, addressing the responsibility of other entities and apportionment of fault, if any, substantially overlaps with and duplicates the content of the *First Set*'s Interrogatories Nos. 1, 2, and 3. Plaintiff's duplication of essentially the same queries in multiple interrogatories renders the proposed Fourth Set of Interrogatories unreasonable, unnecessary, and unjustified. Consequently, the LR 33.1E Motion for Leave to Serve Additional Interrogatories is denied.

Accordingly,

**IT IS ORDERED** that Nottingham's **LR 33.1E Motion for Leave to Serve Additional Interrogatories (R. Doc. 154)** is hereby **DENIED.**

New Orleans, Louisiana, this 19th day of March 2010.

_____
**KAREN WELLS ROBY**
**UNITED STATES MAGISTRATE JUDGE**